```
IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
```

```
DERRICK MICHAEL ALLEN, SR.,     )
                                )
           Plaintiff,           )
                                )
     v.                         )     1:20CV582
                                )
NORTH CAROLINA DEPT. OF HEALTH  )
AND HUMAN SERVICES, et al.,     )
                                )
           Defendants.          )
```

### ORDER

The Recommendation of the United States Magistrate Judge was filed with the court in accordance with 28 U.S.C. § 636(b) and, on September 29, 2021, was served on the parties in this action. (Text Order and Recommendation dated Sept. 29, 2021; Doc. 6.) Plaintiff objected to the Recommendation. (Doc. 7.)

This case is one of approximately 65 that Mr. Allen has filed in this court. The court has ruled on many of his cases, dismissing them as frivolous and/or failing to state a claim.

During the pendency of these cases, Mr. Allen filed judicial complaints against the assigned Magistrate Judge and the undersigned, which were dismissed by the Fourth Circuit Judicial Council. On October 6, 2021, Mr. Allen filed a lawsuit against the assigned Magistrate Judge and the undersigned, alleging "discrimination," among other things. At the request of the undersigned, the action was assigned by the Chief Judge of the

United States Court of Appeals for the Fourth Circuit to a District Judge outside the district, who dismissed the action on November 10, 2021, as frivolous because it failed to state a claim on which relief may be granted and sought monetary damages from defendants with immunity from such relief. See Allen v. Magistrate Judge L. Patrick Auld, et al., Case No. 1:21CV776, Order adopting Recommendation (M.D.N.C. Nov. 10, 2021). Judgment was entered on November 15, 2021.

During the pendency of Mr. Allen's lawsuit against the judges of this court, his actions were held in abeyance. It appears that Mr. Allen appealed the dismissal of his lawsuit to the United States Court of Appeals for the Fourth Circuit. However, the court continues to have pending several of Mr. Allen's cases, which require resolution.

A litigant's lawsuit against a judge does not, by itself, disqualify the judge from handling the litigant's other lawsuits. See, e.g., In re Taylor, 417 F.3d 649, 652 (7th Cir. 2005) ("There is no rule that requires a judge to recuse himself from a case, civil or criminal, simply because he was or is involved in litigation with one of the parties."); United States v. Grismore, 564 F.2d 929, 933 (10th Cir. 1977) ("A judge is not disqualified merely because a litigant sues or threatens to sue him."); see also United States v. Watford, 692 F. App'x 108, 110 n.1 (4th Cir. 2017) ("Although [the defendant] notes that he sued

2

the presiding judge, '[t]here is no rule that requires a judge to recuse himself from a case, civil or criminal, simply because he was or is involved in litigation with one of the parties' because 'a per se rule of disqualification would allow litigants to judge shop by filing a suit against the presiding judge.'" (quoting In re Taylor, 417 F.3d at 652)); United States v. Gallo, 898 F.2d 148 (4th Cir. 1990) (unpublished) ("Although [the defendant] states that he is in the process of filing suit against Judge Kidd, this fact also does not require Judge Kidd's recusal." (citing Grismore, 564 F.2d at 933));[1] United States v. Owens, 902 F.2d 1154, 1156 (4th Cir. 1990) (noting that parties "cannot be allowed to create the basis for recusal by their own deliberate actions" as "[t]o hold otherwise would encourage inappropriate 'judge shopping'"); Jones v. Pittsburgh Nat. Corp., 899 F.2d 1350, 1355-56 (3d Cir. 1990) (finding recusal not required after litigant filed a judicial complaint against presiding judge); United States v. Studley, 783 F.2d 934, 940 (9th Cir. 1986) ("A judge is not disqualified by a litigant's suit or threatened suit against him."); United States v. Nabaya, Case No. 3:17CR3, 2017 WL 3880660, at *3, n.8 (E.D. Va. Sept. 5, 2017) (unpublished) (denying recusal motion based on lawsuit filed by the defendant against the presiding trial judge).

---

[1] Unpublished opinions of the Fourth Circuit are not precedential but are cited for their persuasive, but not controlling, authority. See Collins v. Pond Creek Mining Co., 468 F.3d 213, 219 (4th Cir. 2006).

3


Case 1:20-cv-00582-TDS-LPA   Document 8   Filed 01/05/22   Page 3 of 4

In light of the above, the court concludes that while it temporarily suspended any decisions in Mr. Allen's cases during the pendency of his lawsuit in this court, the court need not refrain from continuing to handle Mr. Allen's cases. Therefore, the court shall continue to adjudicate Mr. Allen's claims in this case and in all his remaining cases.

The court has appropriately reviewed the portions of the Magistrate Judge's report in the present case to which objections were made and has made a de novo determination in accord with the Magistrate Judge's report. The court therefore adopts the Magistrate Judge's Recommendation.

IT IS THEREFORE ORDERED that this action is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

         /s/   Thomas D. Schroeder
         United States District Judge

January 5, 2022

4